**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN RE: ) | Bktcy. 19-18028-AMC |
| ) | |
| GARRY CORE, ) | Chapter 13 |
| ) | |
| DEBTOR. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GARRY CORE, ) | |
| ) | Doc. # ___ |
| Movant, ) | |
| ) | Related Doc. # 69 & 70 |
| v. ) | |
| ) | Hearing Date:  8/25/21 |
| CITIZENS BANK, N.A., successor by ) | |
| merger to CITIZENS BANK OF ) | Hearing Time:  11:00 AM |
| PENNSYLVANIA, ) | |
| ) | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within Motion to

Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 & Notice of

Motion, Response Deadline and Hearing Date was served on the 4th day of August, 2021, upon

the following by First Class U.S. Mail, postage prepaid:

Brandon Perloff, Esquire
315 N. 12th Street, 204
Philadelphia, PA  19107
(Debtor's Counsel)

William C. Miller, Esquire
P.O. Box 1229
Philadelphia, PA  19105
(Chapter 13 Trustee)

Additionally, all parties receiving notices through the Court's CM/ECF system

received electronic service of the within filing on or about August 4, 2021.   Also, all parties

listed on the Court's CM/ECF Mailing Matrix were sent the same via First Class U.S. Mail on

August 4, 2021.  A true and correct copy of the Matrix is also attached.

Respectfully submitted,

METZ LEWIS BRODMAN MUST O'KEEFE LLC

By:    ***/s/ Roger P. Poorman***
        Justin M. Tuskan, Esquire
        Pa. ID. # 311235
        Roger P. Poorman, Esquire
        Pa. ID. # 206562
        (*Pro Hac Vice*)
        535 Smithfield Street, Suite 800
        Pittsburgh, PA  15222
        (412) 918-1100 (telephone)
        (412) 918-1199 (facsimile)
        jtuskan@metzlewis.com
        rpoorman@metzlewis.com
        (Counsel for Citizens Bank, N.A.)

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-18028-AMC |
| | ) | |
| GARRY CORE, | ) | Chapter 13 |
| | ) | |
| Debtor | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARRY CORE, | ) | |
| | ) | |
| Movant | ) | Related Doc. Nos. 58 & 61 |
| | ) | |
| v. | ) | Hearing Date & Time |
| | ) | 8/25/2021 at 11:00 AM |
| CITIZENS BANK, N.A., successor by | ) | |
| merger to CITIZENS BANK OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO APPROVE SETTLEMENT PURSUANT TO
### FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

COME NOW the Debtor/Movant, Garry Core, and the Respondent, Citizens Bank of Pennsylvania, by and through their respective undersigned counsel, and do file the within Motion, upon a cause whereof the following is a statement, to wit:

### I.    THE PARTIES AND JURISDICTION

1.    The Debtor, Garry Core ("Debtor"), is an adult individual who commenced the above-captioned case by filing a voluntary petition for relief pursuant to the provisions of Chapter 13 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq., on December 30, 2019 ("Petition Date").  Debtor has an address of 907 Macdade Boulevard, Yeadon, PA 19050, with notice to counsel, Brandon J. Perloff, Esquire, Brandon Perloff PC, 315 North 12th Street, Suite 204, Philadelphia, PA 19107.

2.      This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Respondent, Citizens Bank, N.A. (the "Bank"), successor by merger to Citizens Bank of Pennsylvania, is a financial institution having an address of Attn: Elizabeth Franco, 1 Citizens Way, Johnston, RI  02919, with notice to counsel, Roger P. Poorman, Esquire Metz Lewis Brodman Must O'Keefe LLC, 535 Smithfield Street, Suite 800, Pittsburgh, PA  15222.

## II.      BACKGROUND

### A.      The Loan, Default, and Entry of the Judgment

4.      On or about August 23, 2006, Citizens Bank of Pennsylvania made a loan to Boando, LLC ("Company") in the original principal amount of $100,000.00 (the "Loan").

5.      Debtor absolutely and unconditionally guaranteed all of the Company's obligations to Citizens Bank of Pennsylvania in connection with the Loan pursuant to the terms and conditions of a Guaranty dated August 23, 2006 (the "Guaranty").  The Note, Guaranty, and all other documents executed in connection with the Loan are hereinafter collectively referred to as the "Loan Documents."  The Loan Documents are attached to the Proof of Claim filed by Citizens Bank of Pennsylvania and speak for themself. See Claims Register, Claim No. 7-2

6.      On or about May 22, 2014, Citizens Bank of Pennsylvania commenced litigation in the Court of Common Pleas of Delaware County, Pennsylvania ("State Court") at docket number CV-2014-004585 against the Debtor to recover the balance due in connection with the Loan and Guaranty (the "State Court Litigation").

7.      On or about November 10, 2014, judgment was entered in favor of Citizens Bank of Pennsylvania and against the Debtor in the State Court Litigation in the "face" amount of $103,331.30 (the "<u>Judgment</u>").

8.      Debtor did not seek reconsideration, appeal, or otherwise contest the Judgment, and the deadline to do so has elapsed.

9.      By operation of law, the Judgment acts as lien against all real property owned by the Debtor in Delaware County, Pennsylvania, including without limitation property commonly known as 907 Macdade Boulevard, Yeadon, PA  19050 (the "<u>Property</u>").

10.     On or about January 2, 2019, Citizens Bank of Pennsylvania merged into the Bank.  By operation of law, the Bank acquired all of Citizens Bank of Pennsylvania's right, title, and interest in and to the Loan, Loan Documents, and Judgment.

**B.**      **<u>The Bankruptcy Filing and the Lien Avoidance Motion</u>**

11.     On the Petition Date, the Debtor commenced the above-captioned action by filing a voluntary petition for relief under the provisions of Chapter 13 of the Bankruptcy Code.

12.     The Bank filed a proof of claim on March 6, 2020, which appears in the Debtor's Claims Register at Claim No. 7-1.  The Bank amended said claim on June 8, 2021.  See Claims Register, Claim No. 7-2.  As amended, the Bank's proof of claim asserts a secured claim in the amount of $139,643.73 as of the Petition Date.

13.     On May 21, 2021, the Debtor filed his *Motion to Partially Avoid Judicial Lien of Citizens Bank on Residential Real Estate Pursuant to 11 U.S.C. § 522* (Doc. # 58, the "<u>Lien Avoidance Motion</u>").

3

14.     In the Lien Avoidance Motion, Debtor argued that the value of the Property was $109,707.20, and further, that the lien created by the Judgment impaired his ability to claim an exemption in the Property under 11 U.S.C. § 522(d)(1) (the "homestead exemption" provided for under the Bankruptcy Code).

15.     According, Debtor argued that the Judgment could be avoided in part under 11 U.S.C. § 522(f), with the end result being that the Bank's secured claim arising from the Judgment would be reduced to $19,656.83, with the remaining balance owed becoming a general unsecured claim, not entitled to priority.

16.     The Bank opposed the Lien Avoidance Motion, primarily on the basis of the value of the Property.  As detailed in its Objection (Doc. # 61), the Bank asserted that the value of the Property was believed to be in the range of $187,000.00 - $212,644.00.

17.     If the Bank's valuation prevailed, and assuming Debtor established all other elements of his claim at trial, the Bank's secured claim arising from the Judgment would exceed $100,000.00.

18.     As a result of the foregoing, a "contested matter" arose between the parties.

19.     A hearing on the Lien Avoidance Motion and Objection has been scheduled for August 3, 2021, at 11:00 AM.

### III.     THE PROPOSED SETTLEMENT

20.     The Debtor and the Bank, through counsel, have evaluated their respective positions in an effort to determine whether there could be a meeting of the minds upon the terms of a settlement that could be agreed upon by the respective parties and

approved by the Court, so that the parties could avoid the time and expense of continued litigation.

21.     The Debtor and the Bank have, after reviewing the assessments of counsel regarding the merits of the contested matter, as well as the possibility of recovery on same, conferred through counsel to determine whether the issues could be amicably resolved, and after considering the merits, the time, expense, and inherent uncertainty of litigation, the complexities of the case, the effect of an adverse decision on each party, and the delays caused by continued litigation, agreed, subject only to the approval of this Court, to a settlement of their dispute as follows:

a.    Ratification of Loan, Loan Documents, and Judgment.  Except as modified herein, all terms and conditions of the Loan, Loan Documents, and Judgment remain binding and in full force and effect.

b.    Bifurcation of Bank's Claim and Partial Avoidance of Lien.  As of the Petition Date, the parties stipulate that the Bank was owed $139,643.73 in connection with the Loan (the "Total Claim"). Under this settlement, and assuming Debtor fulfills his obligations hereunder, the Total Claim shall be bifurcated into secured and unsecured components.  The secured component of the Total Claim shall afford the Bank an allowed secured claim in the amount of $29,649.63 (the "Modified Secured Claim").  The unsecured component of the Bank's claim shall afford the Bank an allowed general unsecured claim, not entitled to priority, in the amount of $109,994.10 (the "Unsecured Claim").

c.    Payment of Modified Secured Claim.  Of the total amount of the Modified Secured Claim, Debtor shall pay $19,500.00 through the Chapter 13 Plan. The amount of $10,149.63, or whatever portion of the Modified Secured Claim remains unpaid as of the entry of a discharge in this case (the "Remaining Portion") of the Modified Secured Claim will survive any discharge the Debtor may receive in this case, and shall be repaid following the conclusion of the bankruptcy case pursuant to terms and conditions to be negotiated between the parties.  The parties shall negotiate in good faith concerning the terms of payment relating to the Remaining Portion of the Modified Secured Claim. In the event the parties cannot

agree, the Bank may enforce the Remaining Portion of its Modified Secured Claim in accordance with applicable law.

d.    <u>Payment of Unsecured Claim</u>.  The Unsecured Claim shall share, *pro rata*, in any distributions to be made to holders of general unsecured claims, not entitled to priority, under the Debtor's Chapter 13 Plan.

e.    <u>Modification of Chapter 13 Plan</u>.  Within 15 days of entry of an Order approving this settlement, the Debtor shall file an amended Chapter 13 Plan which incorporates the terms of this settlement.

[MOTION CONTINUES ON FOLLOWING PAGE]

f.    <u>Notices</u>.  Any and all notices, statements, requests, demands, and other communications given or made upon any party hereto in connection with this settlement or any other document executed in connection herewith or therewith shall be in writing and sent via overnight courier service (such as UPS or Fedex), postage prepaid, addressed as follows:

| Party: | With Copy to: |
|---|---|
| | |
| Garry Core<br>907 Macdade Boulevard<br>Yeadon, PA  19050 | Brandon J. Perloff, Esquire,<br>Brandon Perloff PC<br>315 North 12th Street, Suite 204,<br>Philadelphia, PA  19107 |
| Citizens Bank, N.A.<br>Attn:  Elizabeth Franco, Recovery Officer<br>1 Citizens Way<br>Mailstop:  JCA-130<br>Johnston, RI  02919 | Roger P. Poorman, Esquire<br>Metz Lewis Brodman Must O'Keefe LLC<br>535 Smithfield Street, Suite 800<br>Pittsburgh, PA  15222 |

or at such other address as shall be designated in the latest written notice given by such party in accordance with the provisions of this section. Notice shall be deemed "given" one (1) business day after said written notice is sent as required by this agreement, regardless of when actually received or opened.

g.    <u>Effect of Conversion or Dismissal</u>.  In the event of the conversion of this case to a case under any other Chapter of the Bankruptcy Code, or the dismissal of this case, this agreement shall be null and void and the Bank shall be permitted to enforce its Judgment up to the full balance owed (after crediting any payments received under this settlement) and/or any other rights it may have under the Loan Documents or applicable law.  If an automatic stay under § 362 of the Bankruptcy Code is in place at such time, this Order shall not be deemed to grant the Bank relief from such stay so that the Bank may enforce such rights; rather, the Bank must first obtain relief from stay in order to enforce same.

h.    <u>Release of Bank</u>.  In consideration of the covenants set forth herein, the Debtor, on behalf of himself and the bankruptcy estate, together with their respective past or present officers, directors, members, shareholders, owners, agents, employees, professionals, representatives, affiliates, parents, subsidiaries, creditors, trustees, heirs, successors and assigns (collectively, the "<u>Releasing</u>

Parties"), shall and shall be deemed to have immediately and forever released, discharged, settled and deemed compromised any and all claims, of any kind or nature whatsoever, whether at law, in equity, or otherwise, known or unknown, that the Releasing Parties (or any of them) have or may have against the Bank and its respective past or present officers, directors, members, shareholders, owners, agents, employees, professionals, representatives, affiliates, parents, subsidiaries, heirs, successors and assigns (collectively, the "Released Parties") that arose from the beginning of time to the date hereof.  The foregoing release is intended to be construed in the broadest possible sense in favor of the Released Parties and against the Releasing Parties, and includes, without limitation, any claims, defenses, crossclaims, or counterclaims of the Releasing Parties that were asserted or could have been asserted in the bankruptcy case or any adversary proceeding.

i.    Limited Relief from Stay.  Upon approval of this settlement, the Bank shall be afforded limited relief from the automatic stay to revive the judgment and preserve its lien priority.  Debtor agrees to accept service of all pleadings, motions and notices in connection therewith, and shall not contest such revival.  Otherwise, the automatic stay shall remain in effect pending further Order of Court.

j.    Update County Records.  Upon discharge, the Bank shall, at its sole cost and expense, take all appropriate and necessary actions to reflect, within the records of Delaware County, Pennsylvania, the reduction of its Judgment as a lien against the Property in accordance with this settlement.

k.    No Admission of Liability.  Nothing in this agreement shall be construed as an admission of fault, liability, or wrongdoing by any party.

l.    Legal Fees and Costs.  Each party to this proceeding shall bear his, her, or its own legal fees, costs and expenses incurred in conjunction with this dispute and settlement, unless Debtor fails to fulfill his obligations under this Agreement, in which case the Bank may recover reasonable legal fees and costs from the Debtor in accordance with the Loan Documents.

m.    Binding Effect.  This agreement shall become effective as fully as if reflected in an executed settlement agreement upon the effective date of an Order of Court approving the settlement agreement.  The

settlement described above and the Order approving the same shall be binding on all parties hereto and to the bankruptcy proceeding.

n.    <u>Miscellaneous</u>.

i.    <u>Time is of the Essence</u>. ***TIME IS OF THE ESSENCE WITH RESPECT TO THE PARTIES' OBLIGATIONS UNDER THIS AGREEMENT.***

ii.    <u>Deadlines</u>.  In the event any deadline for action by any party falls on a weekend or Federal holiday, such deadline shall automatically be extended until the next business day.

iii.   <u>Severability</u>:  If any provision of this settlement is held illegal, invalid or unenforceable for any reason, such illegality, invalidity or unenforceability shall have no effect whatsoever on any other provision of this settlement, and all remaining provisions shall remain in full force and effect.

iv.    <u>Integration</u>:  The Parties specifically represent that this Motion and the Loan Documents contains their exclusive and entire agreement relating to the subject matter hereof.  There are no other agreements or understandings relating to the dispute described above, express or implied, oral or written, between the parties, other than as set forth within the four corners of this Motion and the Loan Documents.

v.     <u>Modifications</u>:  No modification of any term or terms of this settlement shall be binding unless the modification is set forth in a writing signed by all parties hereto, and to the extent required, approved by the Bankruptcy Court.

vi.    <u>No Third Party Beneficiaries</u>.  The parties acknowledge and agree that this settlement will not create any obligation on the part of any party to any third parties whatsoever.  No person or entity not a party to this settlement will be a third-party beneficiary or acquire any rights hereunder.

vii.   <u>Governing Law</u>:  This settlement shall be controlled by and interpreted under the United States Bankruptcy Code, 11 U.S.C. § 101 <u>et</u>. <u>seq</u>., the Federal Rules of Bankruptcy Procedure, and to the extent not inconsistent with the foregoing, the laws of the Commonwealth of Pennsylvania, without giving effect to any provisions thereof concerning conflict of laws or other law which would cause the application of the laws of a jurisdiction other than the Commonwealth of Pennsylvania.

viii.    <u>Reservation of Jurisdiction</u>:  The parties agree that any dispute that arises from or relates to this settlement, the Motion, the Objection, or any Order approving this settlement in any way shall be resolved in and only in this Court.

ix.    <u>Construction of Agreement</u>:  This settlement has been reviewed by each party and their respective counsel, if any, prior to execution. Each party has participated in the drafting of this settlement, and fully, freely and completely understands and accepts all of its terms.  This settlement shall not be interpreted against any party hereto as a result of any party being deemed the drafter of this settlement or otherwise.

x.    <u>Successors and Assigns</u>: The rights of the parties hereunder shall inure to the benefit of their successors, heirs, representatives and assigns and shall be binding upon the parties, as well as their respective successors, heirs, representatives and/or assigns. Notwithstanding the foregoing, no party shall assign its rights and/or obligations under this settlement to any third party without the prior written consent of all other parties.

xi.    <u>Headings</u>:  Any section headings preceding the paragraphs of this settlement are inserted solely for convenience of reference and shall not constitute a part of this settlement, nor shall they affect its meaning, construction or effect.

xii.    <u>Tax Implications</u>:  The parties make no representations to any other party concerning the tax implications of this settlement.  No party shall be responsible or otherwise liable for any taxes assessed or due to any other party or any third party resulting from this settlement, if any.

22.    The parties expressly acknowledge and confirm that they have freely chosen to settle their dispute as described above, and that they are fully authorized to enter into the settlement agreement described above, subject to the approval of the Bankruptcy Court.

23.    The parties believe and therefore aver that Court approval of the above-described settlement is in the best interests of the bankruptcy estate and its creditors.

24.    The parties believe that that continued litigation, even assuming success and ignoring the possibility of an unfavorable outcome, would not achieve a better "net result" for either of them than is achieved by the above-described settlement.

25.    Settlements are viewed favorably in bankruptcy, and the parties believe and therefore aver that the above-described settlement meets the requirements for approval of a compromise under Fed. R. Bankr. P. 9019 as set forth by the United States Court of Appeals for the Third Circuit in In re Martin, 91 F.3d 389 (3d. Cir. 1996).

26.    Both sides receive important benefits under the proposed settlement.

27.    Among the benefits to the Debtor and the bankruptcy estate are:

    a.    A substantial reduction in the Bank's secured claim (assuming fulfillment of his obligations under the settlement);

    b.    A virtual elimination of the Bank's Unsecured Claim (assuming fulfillment of the settlement);

    c.    An extended time period over which to make payments of the Secured Claim;

    d.    Avoidance of additional costs of litigation; and

    e.    Avoidance of an adverse decision.

28.    Among the benefits to the Bank are:

    a.    Payment of a significant portion of the balance owed it in the near term;

    b.    Exception of a portion of its claim from any discharge the Debtor may receive;

    c.     Preservation of its ability to pursue the full amount of its claim (less any amounts actually received) in the event of a default;

    d.     Avoidance of additional costs of litigation;

    e.     Avoidance of an adverse decision.

29.    None of the parties to this agreement have promised, nor have they been promised, any consideration for the settlement described above, except as set forth herein.

30.    The parties and their counsel believe that the settlement described above is fair and reasonable.

31.    Accordingly, the parties respectfully request that the Court enter an Order of Court authorizing and approving the above-described settlement, and reserving jurisdiction over any future disputes that may arise in connection with the above-described settlement and/or the Order of Court approving same.

WHEREFORE, the Debtor and the Bank, by and through their respective undersigned counsel, respectfully request that the Court enter an Order authorizing, approving and confirming the above-described settlement, and further, they authorize the filing of this Motion on their collective behalf.

Respectfully submitted,

BRANDON PERLOFF P.C.

*/s/ Brandon J. Perloff*
Brandon J. Perloff, Esquire
PA ID. # 316979
315 North 12th Street, Suite 204
Philadelphia, PA 19107
Telephone: (215) 395-8921
Email: bperloff@perlofflaw.com
Counsel for Debtor

METZ LEWIS BRODMAN MUST
O'KEEFE LLC

*/s/ Roger P. Poorman*
Roger P. Poorman, Esquire
PA ID. # 206562
535 Smithfield Street, Suite 800 Pittsburgh,
PA 15222
Telephone: (412) 918-1163
Email: rpoorman@metzlewis.com

Counsel for Citizens Bank, N.A.

Admitted *Pro Hac Vice*

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-18028-AMC |
| | ) | |
| GARRY CORE, | ) | Chapter 13 |
| | ) | |
| Debtor | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARRY CORE, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIZENS BANK, N.A., successor by | ) | |
| merger to CITIZENS BANK OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>ORDER OF COURT</u>

**AND NOW**, this _____ day of _____, 202___, the Court having considered the within *Motion for Approval of Settlement of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "<u>Motion</u>"),[1] any responses filed thereto, and having held hearing thereon and considered the evidence presented, as well as the arguments of counsel, **IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND and DECREED** as follows:

1.    The Motion is GRANTED in all respects.

2.    Paragraphs 1 through 19 of the Motion are incorporated by reference.

3.    The Court finds that the Debtor and the Bank, through counsel, have evaluated their respective positions in an effort to determine whether there could be a meeting of the minds upon the terms of a settlement that could be agreed upon by the

---
[1] All capitalized terms appearing herein shall have the same meaning as set forth in the Motion, except as may be specifically noted otherwise herein.

respective parties and approved by the Court, so that the parties could avoid the time and expense of continued litigation.

4.      The Court finds that the Debtor and the Bank have, after reviewing the assessments of counsel regarding the merits of the contested matter, as well as the possibility of recovery on same, conferred through counsel to determine whether the issues could be amicably resolved, and after considering the merits, the time, expense, and inherent uncertainty of litigation, the complexities of the case, the effect of an adverse decision on each party, and the delays caused by continued litigation, agreed, subject only to the approval of this Court, to a settlement of their dispute as follows:

    a.    <u>Ratification of Loan, Loan Documents, and Judgment</u>.  Except as modified herein, all terms and conditions of the Loan, Loan Documents, and Judgment remain binding and in full force and effect.

    b.    <u>Bifurcation of Bank's Claim and Partial Avoidance of Lien</u>.  As of the Petition Date, the parties stipulate that the Bank was owed $139,643.73 in connection with the Loan (the "<u>Total Claim</u>"). Under this settlement, and assuming Debtor fulfills his obligations hereunder, the Total Claim shall be bifurcated into secured and unsecured components.  The secured component of the Total Claim shall afford the Bank an allowed secured claim in the amount of $29,649.63 (the "<u>Modified Secured Claim</u>").  The unsecured component of the Bank's claim shall afford the Bank an allowed general unsecured claim, not entitled to priority, in the amount of $109,994.10 (the "<u>Unsecured Claim</u>").

    c.    <u>Payment of Modified Secured Claim</u>.  Of the total amount of the Modified Secured Claim, Debtor shall pay $19,500.00 through the Chapter 13 Plan. The amount of $10,149.63, or whatever portion of the Modified Secured Claim remains unpaid as of the entry of a discharge in this case (the "<u>Remaining Portion</u>") of the Modified Secured Claim will survive any discharge the Debtor may receive in this case, and shall be repaid following the conclusion of the bankruptcy case pursuant to terms and conditions to be negotiated between the parties.  The parties shall negotiate in good faith concerning the terms of payment relating to the Remaining Portion of the Modified Secured Claim. In the event the parties cannot

2

agree, the Bank may enforce the Remaining Portion of its Modified Secured Claim in accordance with applicable law.

d.    <u>Payment of Unsecured Claim</u>.  The Unsecured Claim shall share, *pro rata*, in any distributions to be made to holders of general unsecured claims, not entitled to priority, under the Debtor's Chapter 13 Plan.

e.    <u>Modification of Chapter 13 Plan</u>.  Within 15 days of entry of an Order approving this settlement, the Debtor shall file an amended Chapter 13 Plan which incorporates the terms of this settlement.

[ORDER CONTINUES ON FOLLOWING PAGE]

3

Case 19-18028-amc    Doc 69-1    Filed 08/04/21    Entered 08/04/21 13:31:59    Desc
Proposed Order    Page 4 of 8

f.    <u>Notices</u>.  Any and all notices, statements, requests, demands, and other communications given or made upon any party hereto in connection with this settlement or any other document executed in connection herewith or therewith shall be in writing and sent via overnight courier service (such as UPS or Fedex), postage prepaid, addressed as follows:

| Party: | With Copy to: |
| --- | --- |
|  |  |
| Garry Core<br>907 Macdade Boulevard<br>Yeadon, PA  19050 | Brandon J. Perloff, Esquire,<br>Brandon Perloff PC<br>315 North 12th Street, Suite 204,<br>Philadelphia, PA  19107 |
| Citizens Bank, N.A.<br>Attn:  Elizabeth Franco, Recovery Officer<br>1 Citizens Way<br>Mailstop:  JCA-130<br>Johnston, RI  02919 | Roger P. Poorman, Esquire<br>Metz Lewis Brodman Must O'Keefe LLC<br>535 Smithfield Street, Suite 800<br>Pittsburgh, PA  15222 |

or at such other address as shall be designated in the latest written notice given by such party in accordance with the provisions of this section. Notice shall be deemed "given" one (1) business day after said written notice is sent as required by this agreement, regardless of when actually received or opened.

g.    <u>Effect of Conversion or Dismissal</u>.  In the event of the conversion of this case to a case under any other Chapter of the Bankruptcy Code, or the dismissal of this case, this agreement shall be null and void and the Bank shall be permitted to enforce its Judgment up to the full balance owed (after crediting any payments received under this settlement) and/or any other rights it may have under the Loan Documents or applicable law.  If an automatic stay under § 362 of the Bankruptcy Code is in place at such time, this Order shall not be deemed to grant the Bank relief from such stay so that the Bank may enforce such rights; rather, the Bank must first obtain relief from stay in order to enforce same.

h.    <u>Release of Bank</u>.  In consideration of the covenants set forth herein, the Debtor, on behalf of himself and the bankruptcy estate, together with their respective past or present officers, directors, members, shareholders, owners, agents, employees, professionals, representatives, affiliates, parents, subsidiaries, creditors, trustees, heirs, successors and assigns (collectively, the "<u>Releasing</u>

4

Parties"), shall and shall be deemed to have immediately and forever released, discharged, settled and deemed compromised any and all claims, of any kind or nature whatsoever, whether at law, in equity, or otherwise, known or unknown, that the Releasing Parties (or any of them) have or may have against the Bank and its respective past or present officers, directors, members, shareholders, owners, agents, employees, professionals, representatives, affiliates, parents, subsidiaries, heirs, successors and assigns (collectively, the "Released Parties") that arose from the beginning of time to the date hereof. The foregoing release is intended to be construed in the broadest possible sense in favor of the Released Parties and against the Releasing Parties, and includes, without limitation, any claims, defenses, crossclaims, or counterclaims of the Releasing Parties that were asserted or could have been asserted in the bankruptcy case or any adversary proceeding.

i.    Limited Relief from Stay. Upon approval of this settlement, the Bank shall be afforded limited relief from the automatic stay to revive the judgment and preserve its lien priority. Debtor agrees to accept service of all pleadings, motions and notices in connection therewith, and shall not contest such revival. Otherwise, the automatic stay shall remain in effect pending further Order of Court.

j.    Update County Records. Upon discharge, the Bank shall, at its sole cost and expense, take all appropriate and necessary actions to reflect, within the records of Delaware County, Pennsylvania, the reduction of its Judgment as a lien against the Property in accordance with this settlement.

k.    No Admission of Liability. Nothing in this agreement shall be construed as an admission of fault, liability, or wrongdoing by any party.

l.    Legal Fees and Costs. Each party to this proceeding shall bear his, her, or its own legal fees, costs and expenses incurred in conjunction with this dispute and settlement, unless Debtor fails to fulfill his obligations under this Agreement, in which case the Bank may recover reasonable legal fees and costs from the Debtor in accordance with the Loan Documents.

m.    Binding Effect. The settlement set forth herein shall be effective as fully as if reflected in an executed settlement agreement upon the entry of this Order. This Order shall be binding on all parties

5

hereto and to all creditors, parties in interest, or others involved in this bankruptcy case in any form or fashion.

n.  Miscellaneous.

i.  Time is of the Essence.  ***TIME IS OF THE ESSENCE WITH RESPECT TO THE PARTIES' OBLIGATIONS UNDER THIS AGREEMENT.***

ii.  Deadlines.  In the event any deadline for action by any party falls on a weekend or Federal holiday, such deadline shall automatically be extended until the next business day.

iii.  Severability:  If any provision of this Agreement is held illegal, invalid or unenforceable for any reason, such illegality, invalidity or unenforceability shall have no effect whatsoever on any other provision of this Agreement, and all remaining provisions shall remain in full force and effect.

iv.  Integration:  The Court finds that this Order and the Loan Documents contains their exclusive and entire agreement relating to the subject matter hereof.  There are no other agreements or understandings relating to the dispute described above, express or implied, oral or written, between the parties, other than as set forth within the four corners of this Order and the Loan Documents.

v.  Modifications:  No modification of any term or terms of this Agreement shall be binding unless the modification is set forth in a writing signed by all Parties hereto, and to the extent required, approved by the Bankruptcy Court.

vi.  No Third Party Beneficiaries.  The Court finds that this settlement will not create any obligation on the part of any party to any third parties whatsoever.  No person or entity not a party to this settlement will be a third-party beneficiary or acquire any rights hereunder.

vii.  Governing Law:  This Order shall be controlled by and interpreted under the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq., the Federal Rules of Bankruptcy Procedure, and to the extent not inconsistent with the foregoing, the laws of the Commonwealth of Pennsylvania, without giving effect to any provisions thereof concerning conflict of laws or other law which would cause the application of the laws of a jurisdiction other than the Commonwealth of Pennsylvania.

6

viii.   <u>Reservation of Jurisdiction</u>:  Any dispute that arises from or relates to this Order, the settlement, the Motion, or the Objection in any way shall be resolved in and only in this Court.

ix.   <u>Construction of Agreement</u>:  The Court finds that the terms of the settlement have been reviewed by each party and their respective counsel, if any, prior to execution.  Each party has participated in the drafting of this Agreement, and fully, freely and completely understands and accepts all of its terms.  As such, the Court finds that this Agreement shall not be interpreted against any party hereto as a result of any party being deemed the drafter of this Agreement or otherwise.

x.   <u>Successors and Assigns</u>: The rights of the parties hereunder shall inure to the benefit of their successors, heirs, representatives and assigns and shall be binding upon the parties, as well as their respective successors, heirs, representatives and/or assigns.  Notwithstanding the foregoing, no party shall assign its rights and/or obligations under this agreement to any third party without the prior written consent of all other parties.

xi.   <u>Headings</u>:  Any section headings preceding the paragraphs of this Order are inserted solely for convenience of reference and shall not constitute a part of the settlement, nor shall they affect its meaning, construction or effect.

xii.   <u>Tax Implications</u>:  The Court finds that no parties have made any representations to any other party concerning the tax implications of this settlement.  No party shall be responsible or otherwise liable for any taxes assessed or due to any other party or any third party resulting from this settlement, if any.

5.   The Court finds that the parties have expressly acknowledged and confirmed that they have freely chosen to settle their dispute as described above, and that they are fully authorized to enter into the settlement agreement described above, subject to the approval of the Bankruptcy Court.

6.   The Court finds that approval of the above-described settlement is in the best interests of the bankruptcy estate and its creditors.

7.    The Court finds that continued litigation, even assuming success and ignoring the possibility of an unfavorable outcome, would not achieve a better "net result" for the Debtor or bankruptcy estate than is achieved by the above-described settlement.

8.    The Court finds that settlements are viewed favorably in bankruptcy, and the Court finds that the above-described settlement meets the requirements for approval of a compromise under Fed. R. Bankr. P. 9019 as set forth by the United States Court of Appeals for the Third Circuit in In re Martin, 91 F.3d 389 (3d. Cir. 1996).

9.    The Court finds that none of the parties to this agreement have promised, nor have they been promised, any consideration for the settlement described above, except as set forth herein.

10.    The Court finds that the settlement described above is fair and reasonable.

11.    Accordingly, the Court hereby authorizes and approves the settlement.

12.    The Court further reserves jurisdiction over any future disputes that may arise in connection with the above-described settlement and/or this Order.

13.    The parties are specifically authorized and directed to take any action reasonably necessary to effectuate the terms of this Order.

BY THE COURT:

_____

**ASHELY M. CHAN**
**UNITED STATES BANKRUPTCY JUDGE**

8

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | ) | Case No. 19-18028-AMC |
| GARRY CORE, | ) | |
| Debtor | ) | Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GARRY CORE, | ) |
| Movant | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| CITIZENS BANK, N.A., successor by | ) |
| merger to CITIZENS BANK OF | ) |
| PENNSYLVANIA, | ) |
| Respondent. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF MOTION, RESPONSE DEADLINEAND HEARING DATE

Garry Core, the Debtor, through their attorney, Brandon Perloff, Esquire, has filed a Motion To Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019.

1. **Your rights may be affected. You should read theses papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

2. **If you do not want the court to grant the relief sought in the motion** or if you want the court to consider your views on the motion, then on or before **8/18/2021 you or your attorney must file a response to the Motion.** (*see Instructions on next pa*ge).

3. **A hearing on the Motion** is scheduled to be held on **8/25/2021 at 11:00 AM, in Courtroom No. 4 of the United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107.** Unless the court orders otherwise, the hearing on this contested matter will be an **evidentiary hearing.** See Also, the Bankruptcy Court's website[1] for telephonic hearings.

4. **If you do not file a response to the Motion,** the court may cancel the hearing and enter an order granting the relief requested in the Motion.

5. You may contact the Bankruptcy Clerk's office for Philadelphia cases at 215-408-2800 and for Reading cases at 610-208-5040 to find out whether the hearing has been canceled because no one filed a response.

6. If a copy of the motion is not enclosed, a copy of the Motion will be provided to you if you request a copy from the attorney whose name and address is listed on the next page of this Notice.

---

[1] *https://www.paeb.uscourts.gov/

Case 19-18028-amc    Doc 70    Filed 08/04/21    Entered 08/04/21 13:34:24    Desc Main
Document    Page 2 of 2

<u>**Filing Instructions**</u>

7.    If you are required to file documents electronically by Local Bankruptcy Rule 5005-1, you must file your response electronically.

8.    If you are not required to file electronically, you must file your response at:

> Clerk's Office, U.S. Bankruptcy
> Court Robert N.C. Nix Building
> 900 Market Street, Suite 400
> Philadelphia, PA 19107

9.    **If you mail your response** to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated in Paragraph 2 on the previous page of this Notice.

10.    On the same day that you file or mail your Response to the Motion, you must mail or deliver a copy of the Response to the movant's attorney:

> Brandon Perloff, Esquire
> 315 N. 12th Street, 204
> Philadelphia, PA 19107

Date: August 4, 2021

Label Matrix for local noticing
0313-2
Case 19-18028-amc
Eastern District of Pennsylvania
Philadelphia
Wed Aug  4 16:15:51 EDT 2021

United States Trustee
Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106-2908

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

Citimortgage
Attn: Centralized Bankruptcy
PO Box 9438
Gettsburg, MD 20898-9438

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

MidFirst Bank
999 Northwest Grand Boulevard
Oklahoma City, OK 73118-6051

Nissan Motor Acceptance
Attn: Bankruptcy
PO Box 660366
Dallas, TX 75266-0366

PECO
2301 Market St
Philadelphia, PA 19103-1380

Wells Fargo Bank, N.A.
P.O. Box 51174
Los Angeles, CA 90051-5474

BRANDON J PERLOFF
Brandon Perloff PC
315 North 12th Street
Ste 204
Philadelphia, PA 19107-1209

(p)CITIZENS BANK N A
ATTN BANKRUPTCY TEAM
ONE CITIZENS BANK WAY
JCA115
JOHNSTON RI 02919-1922

Philadelphia
900 Market Street
Suite 400
Philadelphia, PA 19107-4233

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Midland Mortgage Co
Attn: Customer Service/Bankruptcy
PO Box 26648
Oklahoma City, OK 73126-0648

Nissan Motor Acceptance Corporation
PO Box 9013
Addison, Texas 75001-9013

Philadelphia Federal Credit Union
c/o William J. Levant, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422-0765

Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Garry Core
907 Macdade Boulevard
Yeadon, PA 19050-3721

Philadelphia Federal Credit Union
12800 Townsend Road
Philadelphia, pa 19154-1095

Bank of America
4909 Savarese Circle
FL1-908-01-50
Tampa, FL 33634-2413

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

(p)FIRST FEDERAL CREDIT CONTROL  INC
24700 CHAGRIN BLVD
SUITE 205
BEACHWOOD OH 44122-5662

MIDFIRST BANK
C/O KML Law Group
701 Market Street Suite 5000
Philadelphia, PA. 19106-1541

NTB/CBSD
Citi Corp Credit Services Centralized Ba
PO Box 20507
Kansas City, MO 64195-0507

Nissan Motor Acceptance Corporation
c/o Rebecca Ann Solarz, Esquire
KML Law Group
701 Market Street Suite 5000
Philadelphia, PA. 19106-1541

TD Auto Finance
Attn: Bankruptcy
PO Box 9223
Farmington Hilss, MI 48333-9223

Wf/home Pr
Attn: Bankruptcy
PO Box 51193
Los Angeles, CA 90051-5493

WILLIAM C. MILLER, Esq.
Office of the Chapter 13 Standing Truste
P.O. Box 40837
Philadelphia, PA 19107-0837

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Citizens Bank, N.A.
One Citizens Bank Way
Johnston, RI 02919

Chase Card Services
Attn: Bankruptcy
PO Box 15298
Wilmington, DE 19850

(d)Citizens Bank
c/o Charles M. Koutsogiane,
AVP Citizens Bank
One Citizens Bank Way, MAD, JCA 130
Johnston RI   02919

Discover Financial
Attn: Bankruptcy Department
PO Box 15316
Wilmington, DE 19850

First Federal Credit Control
Attn: Bankruptcy
24700 Chagrin Blvd, Ste 205
Cleveland, OH 44122

Ford Motor Credit
National Bankruptcy Service Center
PO Box 62180
Colorado Springs, CO 80962

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

(d)RBS Citizens Cc
1 Citizens Dr.
MS: ROP 15B
Riverside, RI 02915

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)MIDFIRST BANK

(u)Nissan Motor Acceptance Corporation

End of Label Matrix
Mailable recipients    29
Bypassed recipients     2
Total                  31