# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

*************************************************************************

| | |
|---|---|
| IN RE: ) | Case No. 19-18028-AMC |
| ) | |
| GARRY CORE, ) | Chapter 13 |
| ) | |
| Debtor ) | |

*************************************************************************

| | |
|---|---|
| GARRY CORE, ) | |
| ) | |
| Movant ) | |
| ) | |
| v. ) | |
| ) | |
| CITIZENS BANK, N.A., successor by ) | |
| merger to CITIZENS BANK OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondent. ) | |

*************************************************************************

## ORDER OF COURT

**AND NOW**, this _____ day of _____, 202___, the Court having considered the within *Motion for Approval of Settlement of Claim Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion"),[1] any responses filed thereto, and having held hearing thereon and considered the evidence presented, as well as the arguments of counsel, **IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND and DECREED** as follows:

1. The Motion is GRANTED in all respects.

2. Paragraphs 1 through 19 of the Motion are incorporated by reference.

3. The Court finds that the Debtor and the Bank, through counsel, have evaluated their respective positions in an effort to determine whether there could be a meeting of the minds upon the terms of a settlement that could be agreed upon by the

---

[1] All capitalized terms appearing herein shall have the same meaning as set forth in the Motion, except as may be specifically noted otherwise herein.

respective parties and approved by the Court, so that the parties could avoid the time and expense of continued litigation.

    4.    The Court finds that the Debtor and the Bank have, after reviewing the assessments of counsel regarding the merits of the contested matter, as well as the possibility of recovery on same, conferred through counsel to determine whether the issues could be amicably resolved, and after considering the merits, the time, expense, and inherent uncertainty of litigation, the complexities of the case, the effect of an adverse decision on each party, and the delays caused by continued litigation, agreed, subject only to the approval of this Court, to a settlement of their dispute as follows:

    a.    <u>Ratification of Loan, Loan Documents, and Judgment</u>. Except as modified herein, all terms and conditions of the Loan, Loan Documents, and Judgment remain binding and in full force and effect.

    b.    <u>Bifurcation of Bank's Claim and Partial Avoidance of Lien</u>. As of the Petition Date, the parties stipulate that the Bank was owed $139,643.73 in connection with the Loan (the "<u>Total Claim</u>"). Under this settlement, and assuming Debtor fulfills his obligations hereunder, the Total Claim shall be bifurcated into secured and unsecured components. The secured component of the Total Claim shall afford the Bank an allowed secured claim in the amount of $29,649.63 (the "<u>Modified Secured Claim</u>"). The unsecured component of the Bank's claim shall afford the Bank an allowed general unsecured claim, not entitled to priority, in the amount of $109,994.10 (the "<u>Unsecured Claim</u>").

    c.    <u>Payment of Modified Secured Claim</u>. Of the total amount of the Modified Secured Claim, Debtor shall pay $19,500.00 through the Chapter 13 Plan. The amount of $10,149.63, or whatever portion of the Modified Secured Claim remains unpaid as of the entry of a discharge in this case (the "<u>Remaining Portion</u>") of the Modified Secured Claim will survive any discharge the Debtor may receive in this case, and shall be repaid following the conclusion of the bankruptcy case pursuant to terms and conditions to be negotiated between the parties. The parties shall negotiate in good faith concerning the terms of payment relating to the Remaining Portion of the Modified Secured Claim. In the event the parties cannot

      agree, the Bank may enforce the Remaining Portion of its Modified Secured Claim in accordance with applicable law.

d.    <u>Payment of Unsecured Claim</u>.  The Unsecured Claim shall share, *pro rata*, in any distributions to be made to holders of general unsecured claims, not entitled to priority, under the Debtor's Chapter 13 Plan.

e.    <u>Modification of Chapter 13 Plan</u>.  Within 15 days of entry of an Order approving this settlement, the Debtor shall file an amended Chapter 13 Plan which incorporates the terms of this settlement.

[ORDER CONTINUES ON FOLLOWING PAGE]

f. <u>Notices</u>.  Any and all notices, statements, requests, demands, and other communications given or made upon any party hereto in connection with this settlement or any other document executed in connection herewith or therewith shall be in writing and sent via overnight courier service (such as UPS or Fedex), postage prepaid, addressed as follows:

| **Party:** | **With Copy to:** |
|---|---|
| Garry Core<br>907 Macdade Boulevard<br>Yeadon, PA  19050 | Brandon J. Perloff, Esquire,<br>Brandon Perloff PC<br>315 North 12th Street, Suite 204,<br>Philadelphia, PA  19107 |
| Citizens Bank, N.A.<br>Attn:  Elizabeth Franco, Recovery Officer<br>1 Citizens Way<br>Mailstop:  JCA-130<br>Johnston, RI  02919 | Roger P. Poorman, Esquire<br>Metz Lewis Brodman Must O'Keefe LLC<br>535 Smithfield Street, Suite 800<br>Pittsburgh, PA  15222 |

or at such other address as shall be designated in the latest written notice given by such party in accordance with the provisions of this section. Notice shall be deemed "given" one (1) business day after said written notice is sent as required by this agreement, regardless of when actually received or opened.

g. <u>Effect of Conversion or Dismissal</u>.  In the event of the conversion of this case to a case under any other Chapter of the Bankruptcy Code, or the dismissal of this case, this agreement shall be null and void and the Bank shall be permitted to enforce its Judgment up to the full balance owed (after crediting any payments received under this settlement) and/or any other rights it may have under the Loan Documents or applicable law.  If an automatic stay under § 362 of the Bankruptcy Code is in place at such time, this Order shall not be deemed to grant the Bank relief from such stay so that the Bank may enforce such rights; rather, the Bank must first obtain relief from stay in order to enforce same.

h. <u>Release of Bank</u>.  In consideration of the covenants set forth herein, the Debtor, on behalf of himself and the bankruptcy estate, together with their respective past or present officers, directors, members, shareholders, owners, agents, employees, professionals, representatives, affiliates, parents, subsidiaries, creditors, trustees, heirs, successors and assigns (collectively, the "<u>Releasing

4

Parties"), shall and shall be deemed to have immediately and forever released, discharged, settled and deemed compromised any and all claims, of any kind or nature whatsoever, whether at law, in equity, or otherwise, known or unknown, that the Releasing Parties (or any of them) have or may have against the Bank and its respective past or present officers, directors, members, shareholders, owners, agents, employees, professionals, representatives, affiliates, parents, subsidiaries, heirs, successors and assigns (collectively, the "Released Parties") that arose from the beginning of time to the date hereof. The foregoing release is intended to be construed in the broadest possible sense in favor of the Released Parties and against the Releasing Parties, and includes, without limitation, any claims, defenses, crossclaims, or counterclaims of the Releasing Parties that were asserted or could have been asserted in the bankruptcy case or any adversary proceeding.

i. Limited Relief from Stay. Upon approval of this settlement, the Bank shall be afforded limited relief from the automatic stay to revive the judgment and preserve its lien priority. Debtor agrees to accept service of all pleadings, motions and notices in connection therewith, and shall not contest such revival. Otherwise, the automatic stay shall remain in effect pending further Order of Court.

j. Update County Records. Upon discharge, the Bank shall, at its sole cost and expense, take all appropriate and necessary actions to reflect, within the records of Delaware County, Pennsylvania, the reduction of its Judgment as a lien against the Property in accordance with this settlement.

k. No Admission of Liability. Nothing in this agreement shall be construed as an admission of fault, liability, or wrongdoing by any party.

l. Legal Fees and Costs. Each party to this proceeding shall bear his, her, or its own legal fees, costs and expenses incurred in conjunction with this dispute and settlement, unless Debtor fails to fulfill his obligations under this Agreement, in which case the Bank may recover reasonable legal fees and costs from the Debtor in accordance with the Loan Documents.

m. Binding Effect. The settlement set forth herein shall be effective as fully as if reflected in an executed settlement agreement upon the entry of this Order. This Order shall be binding on all parties

    hereto and to all creditors, parties in interest, or others involved in this bankruptcy case in any form or fashion.

n. <u>Miscellaneous</u>.

 i.  <u>Time is of the Essence</u>.  ***<u>TIME IS OF THE ESSENCE WITH RESPECT TO THE PARTIES' OBLIGATIONS UNDER THIS AGREEMENT.</u>***

 ii.  <u>Deadlines</u>.  In the event any deadline for action by any party falls on a weekend or Federal holiday, such deadline shall automatically be extended until the next business day.

 iii.  <u>Severability</u>:  If any provision of this Agreement is held illegal, invalid or unenforceable for any reason, such illegality, invalidity or unenforceability shall have no effect whatsoever on any other provision of this Agreement, and all remaining provisions shall remain in full force and effect.

 iv.  <u>Integration</u>:  The Court finds that this Order and the Loan Documents contains their exclusive and entire agreement relating to the subject matter hereof.  There are no other agreements or understandings relating to the dispute described above, express or implied, oral or written, between the parties, other than as set forth within the four corners of this Order and the Loan Documents.

 v.  <u>Modifications</u>:  No modification of any term or terms of this Agreement shall be binding unless the modification is set forth in a writing signed by all Parties hereto, and to the extent required, approved by the Bankruptcy Court.

 vi.  <u>No Third Party Beneficiaries</u>.  The Court finds that this settlement will not create any obligation on the part of any party to any third parties whatsoever.  No person or entity not a party to this settlement will be a third-party beneficiary or acquire any rights hereunder.

 vii.  <u>Governing Law</u>:  This Order shall be controlled by and interpreted under the United States Bankruptcy Code, 11 U.S.C. § 101 <u>et</u>. <u>seq</u>., the Federal Rules of Bankruptcy Procedure, and to the extent not inconsistent with the foregoing, the laws of the Commonwealth of Pennsylvania, without giving effect to any provisions thereof concerning conflict of laws or other law which would cause the application of the laws of a jurisdiction other than the Commonwealth of Pennsylvania.

    viii.    <u>Reservation of Jurisdiction</u>: Any dispute that arises from or relates to this Order, the settlement, the Motion, or the Objection in any way shall be resolved in and only in this Court.

    ix.    <u>Construction of Agreement</u>: The Court finds that the terms of the settlement have been reviewed by each party and their respective counsel, if any, prior to execution. Each party has participated in the drafting of this Agreement, and fully, freely and completely understands and accepts all of its terms. As such, the Court finds that this Agreement shall not be interpreted against any party hereto as a result of any party being deemed the drafter of this Agreement or otherwise.

    x.    <u>Successors and Assigns</u>: The rights of the parties hereunder shall inure to the benefit of their successors, heirs, representatives and assigns and shall be binding upon the parties, as well as their respective successors, heirs, representatives and/or assigns. Notwithstanding the foregoing, no party shall assign its rights and/or obligations under this agreement to any third party without the prior written consent of all other parties.

    xi.    <u>Headings</u>: Any section headings preceding the paragraphs of this Order are inserted solely for convenience of reference and shall not constitute a part of the settlement, nor shall they affect its meaning, construction or effect.

    xii.    <u>Tax Implications</u>: The Court finds that no parties have made any representations to any other party concerning the tax implications of this settlement. No party shall be responsible or otherwise liable for any taxes assessed or due to any other party or any third party resulting from this settlement, if any.

5. The Court finds that the parties have expressly acknowledged and confirmed that they have freely chosen to settle their dispute as described above, and that they are fully authorized to enter into the settlement agreement described above, subject to the approval of the Bankruptcy Court.

6. The Court finds that approval of the above-described settlement is in the best interests of the bankruptcy estate and its creditors.

7. The Court finds that continued litigation, even assuming success and ignoring the possibility of an unfavorable outcome, would not achieve a better "net result" for the Debtor or bankruptcy estate than is achieved by the above-described settlement.

8. The Court finds that settlements are viewed favorably in bankruptcy, and the Court finds that the above-described settlement meets the requirements for approval of a compromise under Fed. R. Bankr. P. 9019 as set forth by the United States Court of Appeals for the Third Circuit in In re Martin, 91 F.3d 389 (3d. Cir. 1996).

9. The Court finds that none of the parties to this agreement have promised, nor have they been promised, any consideration for the settlement described above, except as set forth herein.

10. The Court finds that the settlement described above is fair and reasonable.

11. Accordingly, the Court hereby authorizes and approves the settlement.

12. The Court further reserves jurisdiction over any future disputes that may arise in connection with the above-described settlement and/or this Order.

13. The parties are specifically authorized and directed to take any action reasonably necessary to effectuate the terms of this Order.

**BY THE COURT:**

**Date: August 25, 2021**

_____
**ASHELY M. CHAN**
**UNITED STATES BANKRUPTCY JUDGE**